USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/10/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MS, an infant by his mother and natural guardian,
KRISTIN CASSAVELL-SIVERE, and KRISTIN
CASSAVELL-SIVERE, individually,
                        Plaintiffs,

   -against-

RYE NECK UNION FREE SCHOOL DISTRICT,
                        Defendant.
------------------------------------------------------------X

18-cv-8283 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiffs[1] filed this action initially in the Supreme Court of the State of New York, County of Westchester and removed it to this Court on September 12, 2018. Plaintiffs allege that Defendant violated state tort and statutory law as well as federal law. Presently before this Court is Plaintiffs' motion for leave to serve a notice of claim *nunc pro tunc* or for the Court to deem the notice of claim served on May 15, 2018 timely filed. (ECF No. 9.) For the following reasons, Plaintiffs' motion is DENIED.

## BACKGROUND

The following facts are derived from the Complaint as well as Parties' submissions on this motion.

On June 13, 2016, Plaintiffs allege that Plaintiff M.S. was verbally and physically assaulted by another student who threatened to retrieve and use a weapon against him. (Compl. ¶ 24, ECF No. 1-1); (Mem. Of Law in Opp'n to Pls.' Mot. for Leave to Serve Notice of Claim *Nunc Pro Tunc* ("Def.'s Opp'n") p. 2, ECF No. 12.) The next day, Defendant emailed Plaintiff

---

[1] In the captions for Parties' moving papers, they refer to Plaintiff M.S. as a male. However, in the caption listed in on the docket, Plaintiff M.S. is referred to as a female. The Court will apply the pronoun used by Parties in their moving papers.

M.S.'s father to inform him of the incident and, on June 20, 2016, proposed a safety plan for Plaintiff M.S. (Def.'s Opp'n p. 2); (Antin Affirmation in Supp. ("Pls.' Affirmation") ¶ 6, ECF No. 10.) Plaintiffs claim that Plaintiff M.S. was continuously harassed throughout the 2016 and 2017 school year and that he was sexually abused by other students. (Def.'s Opp'n p. 2); (Pls.' Affirmation ¶ 7.) On October 11, 2017, Plaintiff M.S. reported an incident to the school counselor after he was again, allegedly, verbally abused by other students. (Def.'s Opp'n p. 2); (Pls.' Affirmation ¶ 8.) Plaintiffs had been in contact with Defendant during that school year regarding Plaintiff M.S.'s experiences with bullying, and Plaintiff Cassavell-Sivere eventually removed Plaintiff M.S. from the school partway through the school year. (Pls.' Affirmation ¶ 9); (Compl. ¶ 130.)

On May 15, 2018, Plaintiffs served Defendant with a Notice of Claim, and there have since been two New York General Municipal Law § 50-h hearings held for Plaintiffs, one for each Plaintiff. (Pls.' Affirmation ¶ 11.) Plaintiffs initiated this action in state court on August 29, 2018 (*see* Compl.) and, on August 30, 2018, filed a motion in the state court seeking the same relief requested in the motion currently before this Court. (Pls.' Affirmation ¶ 13 & Ex. G.) On September 12, 2018, Defendant filed a notice of removal. (ECF No. 1.)

## LEGAL STANDARDS

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a federal question is presented or when the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. However, in any civil action where the district court has subject matter jurisdiction, the court "shall have

2

supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The district court may decline to exercise supplemental jurisdiction if, among other considerations, "the claim raises a novel or complex issue of State law" or, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." § 1367(c)(1) & (4). If a subsection of § 1367(c) applies, a district court should only decline to exercise supplemental jurisdiction if it determines that doing so would promote economy, convenience, fairness, and comity. *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004).

Subject matter jurisdiction is a threshold issue, and a court "may examine subject matter jurisdiction, *sua sponte*, at any stage of the proceeding." *F.D.I.C. v. Four Star Holding Co.*, 178 F.3d 97, 100 n.2 (2d Cir. 1999). In fact, when a jurisdictional requirement "goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties . . . have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Because subject matter jurisdiction is at the core of the federal court's authority to adjudicate a dispute, it "can never be waived or forfeited." *Id*.

## DISCUSSION

Plaintiffs request that the Court deem the May 15, 2018 notice of claim timely served or grant them leave to serve a notice of claim pursuant to New York General Municipal Law § 50-e *nunc pro tunc*.

However, before the Court can address the substance of Plaintiffs' motion, it must first consider whether it has subject matter jurisdiction.

3

In federal court, "state notice-of-claim statutes apply to *state*-law claims." *Hardy v. N.Y. City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir.1999) (citing *Felder v. Casey,* 487 U.S. 131 (1988) ("[F]ederal courts entertaining state-law claims against . . . municipalities are obligated to apply the [state] notice-of-claim provision.")). New York's notice of claim law, New York General Municipal Law § 50-e, requires service of a notice of claim within ninety days after a claim arises "[i]n any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation." N.Y. Gen. Mun. Law § 50-e(l). The notice of claim requirement applies to tort claims, such as the matter presently before the Court, brought against school districts. *Estate of D.B. by Briggs v. Thousand Islands Cent. Sch. Dist.*, 327 F. Supp. 3d 477, 532 (N.D.N.Y. 2018).

Section 50-e contains precise jurisdictional requirements, stating that applications for leave to serve a late notice must be filed in supreme court or in specified county courts. N.Y. Gen. Bus. Law § 50-e(7). According to "the overwhelming weight of authority among district courts in the Second Circuit," this provision "permits only certain *state* courts" to grant an extension of time to serve a late notice of claim, and federal courts, therefore, do not have the power to grant leave to serve a late notice or deem a late notice timely filed. *Henneberger v. County of Nassau*, 465 F. Supp. 2d 176, 200 (E.D.N.Y. 2006); *see, e.g.*, *Dodson v. Bd. of Educ. of the Valley Stream Union Free Sch. Dist.*, 44 F. Supp. 3d 240, 250 (E.D.N.Y. 2014) (holding that the court did not have jurisdiction to grant the plaintiff's motion for leave to file a late notice of claim for her state tort claims); *Dillon v. Suffolk Cty. Dep't of Health Servs.*, 917 F. Supp. 2d 196, 216 (E.D.N.Y. 2013) ("Federal courts do not have jurisdiction to hear state law claims brought by plaintiffs who have failed to comply with the notice of claim requirement, nor can a

federal court grant a plaintiff permission to file a late notice of claim." (quoting *Dingle v. City of New York*, 728 F. Supp. 2d 332, 348 – 49 (S.D.N.Y. 2010)) (internal quotation marks omitted)); *In re Dayton*, 786 F. Supp. 2d 809, 825, 827 – 28 (S.D.N.Y. 2011) ("[T]his Court does not have jurisdiction to grant permission to serve a late notice of claim; that application may only be granted by a supreme or county court under § 50-e(7)."); *see also Page v. N.Y. City Off-Track Betting, Inc.*, No. 90-CV-6367(RWS), 1993 WL 426865, at *4 – 5 (S.D.N.Y. Oct. 22, 1993). This Court, consistent with Second Circuit precedent, agrees that federal district courts do not have jurisdiction to adjudicate this issue.

Therefore, the Court must deny Plaintiffs' motion for lack of subject matter jurisdiction. However, Plaintiffs had filed a substantially similar motion in the Supreme Court of the State of New York in Westchester County before Defendant removed this matter to federal court. For the reasons below, the Court finds that remand of Plaintiffs' state claims to state court is warranted.

Defendant may argue that the Court should simply exercise its supplemental jurisdiction and dismiss Plaintiffs' state law claims outright due to their failure to serve a timely notice of claim. The Court declines to do so under 28 U.S.C. § 1367(c)(4). The state court's failure to resolve a motion on what was exclusively a state issue, not to mention a potentially dispositive one, before this case was removed is an exceptional circumstance. Such an action unnecessarily caused prejudice to Plaintiffs because it meant that their motion would not be considered. Moreover, the Court declines to use supplemental jurisdiction here for a compelling reason, to discourage other defendants from removing cases to federal court when similar state law motions are pending before state court. Finally, the exercise of supplemental jurisdiction to dismiss Plaintiffs' state law claims with prejudice for failure to file a timely notice of claim would be unfair to Plaintiffs who properly filed their motion in state court. "When a district court declines

to exercise supplemental jurisdiction in a case removed from State court, it has discretion either to dismiss the claims without prejudice or to remand the claims." *Bhattacharya v. Suny Rockland Cmty. Coll.*, 719 F. App'x 26, 28 (2d Cir. 2017) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)). The Court finds that the exercise of supplemental jurisdiction over Plaintiffs' state law claims would be inappropriate at this juncture and, in its discretion, remands those claims to state court.

Aside from state law claims, Plaintiffs also assert federal claims and those are properly before this Court.[2] The Court therefore imposes a stay, *sua sponte*,[3] pending resolution of the notice of claim issue in the state court to avoid confusion and duplicate effort. *See Brown v. Metro.Transp. Auth.*, 717 F. Supp. 257, 261 (S.D.N.Y. 1989) (staying, *sua sponte*, the case involving the plaintiff's remaining federal claims to allow the parties the opportunity to return to state court on the late notice of claim issue).

---

[2] Courts are not required to remand an entire case where there are federal claims arising from the same wrong and may remand state law claims to state court while retaining the federal claims. *See Kanayama v. KESY LLC*, No. 14-CV-3405(JFK), 2015 WL 1433203, at *7 (S.D.N.Y. Mar. 30, 2015); *City of New Rochelle v. Town of Mamaroneck*, 111 F. Supp. 2d 353, 373 (S.D.N.Y. 2000).

[3] *See Plaintiffs # 1-21 v. County of Suffolk*, 138 F. Supp. 3d 264, 279 (E.D.N.Y. 2015) (determining that the court, "in light of its inherent discretion to control the disposition of the cases on its docket," could *sua sponte* consider a stay of the action); *Schapp v. MasTec Services Co., Inc.*, No. 12-CV-0841(LEK)(DEP), 2013 WL 1296404, at *7 (N.D.N.Y. Mar. 28, 2013) ("[T]he Court *sua sponte* stays this matter . . . .").

## CONCLUSION

For these reasons, the Court DENIES Plaintiffs' motion for leave to serve a notice of claim *nunc pro tunc* or for the Court to deem the notice of claim served on May 15, 2018 timely filed and REMANDS Plaintiffs' state law claims to the Supreme Court of the State of New York in Westchester County from which this matter was removed. Once that court has issued a decision on Plaintiffs' motion on the notice of claim issue, Parties are directed to notify this Court of the result. The case before the Court is STAYED pending resolution of the state law issue. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 9 and to stay this case.

Dated: May 10, 2019
      White Plains, New York

SO ORDERED:

_____
Nelson S. Román
United States District Judge